JOHN A. MILLER *v.* ELIZABETH CHILDERS' ADMR. ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—719.]

**Construction of Will.**

> Where a testator provides "I will and bequeath unto my daughter, Elizabeth Childers, the tract of land I purchased of James Wilson, to her and her bodily heirs forever," it is held that the daughter was vested with an absolute fee, the words "to her and her bodily heirs forever" being words·of limitation and creating an estate tail, which is converted by statute into an absolute fee.

APPEAL FROM LOGAN CIRCUIT COURT.

February 17, 1883.

OPINION BY JUDGE HARGIS:

This appeal involves the construction of the 4th and 9th clauses of the will of Jacob Miller. Those clauses are in the following language:

"4th. I will and bequeath unto my daughter, Elizabeth Childers, the tract of land I purchased of James Wilson, to her and her bodily heirs forever."

"9th. If any of my children should die without heirs their share to be divided equally among the remainder."

By these provisions Elizabeth Childers was vested with an absolute fee, the words "to her and her bodily heirs forever" being words of limitation and creating an estate tail which is converted by statute into an absolute fee.

The cases of *Deboe. v. Lowen,* 8 B. Mon. (Ky.) 616, and *True v. Nicholls,* 2 Duv. (Ky.) 547, are conclusive of this case. The 9th clause does not show that the testator used the words "her bodily heirs" in any but their legal sense, and comes within the rule laid down in *Birney v. Richardson,* 5 Dana (Ky.) 424.

Wherefore the judgment is *affirmed.*

*A. G. Rhea, for appellant.*

*Chas. S. Grubbs, for appellees.*

[Cited, *Edwards v. Walesby,* 30 Ky. L. 251, 98 S. W. 306.]